█

### In re MARK W.
### No. 90–371–Appeal.
Supreme Court of Rhode Island.
Feb. 22, 1991.

█

Francis B. Brown, Court–Appointed Sp. Advocate, Janet Gilligan, Dept. of Children and their Families, Robert Corrente, Corrente & Brill, Providence, for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, Seth Perlmutter, Cranston, for defendant.

### OPINION

PER CURIAM.

On February 5, 1991, representatives from the Department for Children and Their Families appeared before this court to show cause why summary adjudication of contempt entered by a Family Court justice should not be summarily reversed.

In late September 1989 a Family Court justice ordered that no contact take place between the mother and the foster parents and that the mother refrain from any conversation or contact with the child that is contrary to the current foster placement.

In early July 1990 during a review proceeding, a Family Court justice found the mother in willful violation of a restraining order. The violation was based on the fact that the mother had sent ten letters to the foster parents.

In *Hicks v. Feiock*, 485 U.S. 624, 637, 108 S.Ct. 1423, 1432, 99 L.Ed.2d 721, 735 (1988), the United States Supreme Court emphasized that unless a defendant is given an

opportunity to purge himself of his contempt, a judgment imposing a determinative jail sentence "is criminal in nature, and it may not be imposed unless federal constitutional protections are applied in the contempt proceeding."

The record before us is void of any evidence indicating that Mark's mother received proper notice that the review proceeding contemplated criminal contempt. Rule 42(b) of the Superior Court Rules of Criminal Procedure specifically provides that "[t]he notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and *describe it as such.*" (Emphasis added.)

It is obvious that the alleged contempt hearing was conducted without any adherence to the notice provisions of Rule 42(b).

Since this mandate was not complied with, the mother's appeal is sustained and the judgment appealed from is vacated. The case is remanded to the Family Court.